Our next case this morning is No. 16, 1348, Kyrocera Solar v. ITC. Mr. Horgan. Now for something completely different. May it please the court. The anti-dumping law contains an irrebuttable presumption that if imports of subject merchandise are negligible in amount, the investigation shall be terminated as to those imports. So when are imports negligible? Imports from a country of merchandise corresponding to a domestic-like product identified by the commission are negligible if such imports account for less than 3% of the volume of such merchandise imported into the U.S. As I understand it, there's another proceeding pending which involves the question of whether the solar panels from Mexico should be treated as Taiwanese in origin or as Mexican in origin. Am I correct about that? There is a separate action contesting that determination. Right. So that's not for us to determine in this case. That's correct, Your Honor. So don't we then have to assume that the solar panels here imported from Mexico are in fact Taiwanese in origin? And if we have to make that assumption, doesn't that defeat your case? No, Your Honor, because the Commerce Department and the International Trade Commission have separate responsibilities. One determines injury, one determines whether they're dumping occurring. They determine the scope of the subject merchandise the Commerce Department does. But try to be more direct about it. If we treat these solar panels as being Taiwanese in origin, you lose, right? No, because these are imports. The language of the statute says they have to be imports from a country. These are imported from Mexico. They are not imported from Taiwan. Your argument, as I understand it, is that because they're Taiwanese in origin, that means that it doesn't matter that in fact they're Taiwanese in origin. It doesn't matter that they contain cells that are Taiwanese in origin. It doesn't matter that they were included as subject merchandise, which is what the Commerce Department determined. Because the negligibility provision applies to subject merchandise. Let's assume that in the other proceedings, finally determined that these solar panels assembled in Mexico and imported from Mexico are Taiwanese in origin. Okay, and that's binding on us. So we now have a determination that these solar panels are Taiwanese in origin. How can we turn around and treat them as Mexican in origin for purposes of this negligibility determination? Because the language of the statute doesn't refer to what the Commerce Department determines. It says where they're imported from. It says imports from. It doesn't say subject merchandise. It says imports from a country that correspond to the commissions like product determination, not to the Commerce Department's scope determination. So what we're suggesting is the determination by the Commerce Department that this is included in the case, expanding the geographic reach of the decision, doesn't relieve the commission of its own separate obligation to determine whether imports from a country are negligible. We can have a determination by Commerce that they're Taiwanese in origin and a determination by the ITC that they're Mexican in origin? No, we have a determination that imports from Mexico are negligible. That's all the statute requires. But in order for us to rule your way, we would have to say that these are Mexican in origin, wouldn't we? We would have to say, you would have to say that they are imported from Mexico, which they are. That's undisputed. They are imported from Mexico. They're not imposing these anti-dumping duties just on the sales that originate in Taiwan. They're importing on the merchandise that is produced in Mexico. But isn't the point of the negligibility analysis to determine whether the imports from the country subject to investigation are ultimately negligible? No, the statute doesn't include that. The statute, and it could do it. As we pointed out in our brief, in the accumulation provision, they said, we're going to limit accumulation analysis to those countries that are named in the petition, on a petition filed on the same day. They didn't do that here. The language of the statute says, imports from a country, Mexico. It says, imports. These are imported from Mexico. It says, of a like product, corresponding to the commission's like product analysis. The negligibility provision doesn't reference the Commerce Department's determination at all. That makes sense, because the purpose of the negligibility provision is to limit the geographic reach of anti-dumping measures to countries where it matters. If the imports are negligible, it makes perfect sense not to have an order on products from Mexico if the amount of those imports are negligible, no matter how that Mexico was added to the investigation. In other words, there could be imports from Taiwan that ultimately come in from Taiwan that are far from negligible, but as long as they pass them through other countries, then in each case they have to be deemed negligible? No, that's not what happened here. This is not a case of trans-shipment. They are imposing the duties on the modules produced, not on the cells, not on the value of the cells that are produced. The cells, as the record shows, only account for about 50% of the value of the merchandise. They are not imposing this just on the Taiwanese cells. If they did, we would have a different case. That would be a case of trans-shipment. But my hypothetical still holds. They could send the cells to any country they wish, and as long as the ultimate modules were imported through a different country, then Taiwan gets out of the picture. If they were negligible in amount, they would still have to be at a very low level. Negligible from that particular country, but in totality, they could be far from negligible. Right, but that's not the case here. Mexico is the only country that asked for negligibility determination. If that happened, Your Honor, if they were doing that, then there are remedies for that in the dumping law. There's a circumvention provision that says, under certain circumstances, you can expand the scope if you meet those criteria. But that's not what happened here. That was expanding the scope. We've already defined what the scope is. The Commerce Department defined what was included in the scope of subject merchandise. But the statute says the negligibility provision applies to subject merchandise. So you can apply the negligibility to subsets of subject merchandise. You don't make a negligibility determination as to every country that's named in the investigation. You make it individually. You don't make it as to every product. You only make it as to the like product categories determined by the Commission. Not the subject parts and not the scope determined by the Commerce Department. Here we have a situation, if I recall correctly, where the imports from Taiwan were not negligible, right? That's true. Right. And so what's the consequence of treating Mexico separately? There's no duty imposed on the Mexican, what you characterize as Mexican imports, right? On imports of solar modules from Mexico. Unless, down the line, those imports exceed negligibility amounts and the petitioners are free to file a circumvention petition or they're free to file a new anti-dumping petition. So it's not like they're without a remedy. But Congress has said where imports from a country are negligible in amount, when they're small, there's an irrebuttable presumption that says these are not injurious. That's what the Commission has directed to find by Congress. That these imports are not injurious, so those should be excluded. That's the situation we have here. We have very small amounts of solar modules produced in Mexico, imported from Mexico, and they're being included in the scope. But the statute says in those circumstances, where the amount is so small, those should not be included. This is, to be clear, no court has ever read the statute the way that you're reading it, right? This issue has never come up before because the Commerce Department has never done this before. They've made a bizarre scope determination, a unique scope determination here. They turned what is intended to be a country-by-country remedy into a global remedy. But that's not the issue here. That's really your objection, and that's what's involved in the other case. That is an objection that is involved in the other case, but we also object to the fact that the Commission has refused to do what the statute directs it to do, to make a determination as to the negligibility of imports from a country, Mexico, that correspond to a like-product definition by the Commission. That's what the statute says. You can't say that they have never made a scope determination that would include within the scope imports that come through other countries. That happens all the time. I don't think it's come up in this context. I don't think it's come up for judicial review in this way. There have been very few cases where they've expanded the scope in this manner. They've expanded to include other products, downstream products, things like that, but where they expanded geographically to include every country in the world, I don't think that's ever come before the Court. You don't think they've ever made a determination like the one here, where some import goes through another country, and then it's not treated as being negligible because it comes through a second country as opposed to the country of origin? I don't think they've ever made a negligibility determination in those circumstances. I think I'm the first one to raise it. You might be the first one to raise it. To ask it. I understand that, but have they ever made those kinds of determinations before? They made them in circumvention cases all the time. This isn't a circumvention case. They made it in transshipment cases, where it was just the same merchandise moving through another country unaltered, but I don't think they've ever made this particular decision. I'm not aware of any prior court decision that dealt with this issue. I want to make it clear, just in conclusion, that what we're asking the Court to do is not to overturn the Congress Department's determination here. What we're asking the Court to do is to require the Commission to make the determination that Congress directed it to make. The language is clear. Now, they've said, oh, well, you've got to read them in tandem. So already you're thinking, well, okay, so now we're looking for some penumbral rights or something that's going to help us understand this, but they never explained that. In the Commission's decision, they just said, what we are suggesting is unreasonable. They never explained why they were making the decision they did. Do you want to save the rest of your time for rebuttal? I will. Thank you, Mr. O'Connor. Ms. Alvis, is that the way it's done? Yes. Good morning. Thank you, Your Honor. May it please the Court, my name is Mary Jane Alvis, and I represent the Appellee, the United States International Trade Commission. Judge Dyke, you have already asked this morning whether or not there is already a case pending before the Court of International Trade involving the scope issues, and in fact, as you probably recognize, there is. In fact, the CIT has issued Slip Opinion 1659 in June regarding some of those issues. When the Commission viewed the complaint in this case at the Court of International Trade … And that involves the question of whether these solar panels can be treated as Taiwanese in origin rather than Mexican, right? That's correct, Your Honor. And you're saying a decision was issued in that case in June? The Court of International Trade issued a slip opinion in June. It was Slip Opinion 16-59. The Commission is not a party to that case, so I don't feel comfortable discussing that opinion. The Court has remanded certain aspects of Commerce's determination, but not with respect to that issue. My colleagues, Mr. Brightfield or Mr. Horgan, certainly can probably discuss that issue at more length to the extent that they're both involved in it. Suppose they were to win the other case and were determined that these should be treated as Mexican in origin. What would that do to this case? Well, Your Honor, let me respond to that with two points. The first point is, we actually offered Kyocera the option to stay this case. I understand that, but what's the answer if we end up that way? If Commerce were to ultimately lose its appeal with respect to the issue of whether or not the imports were, in fact, Mexican or Taiwanese, at that point, presumably this Court would have already issued its decision. The Commission already, its decision already would have been held. Well, I guess what I'm asking is, if we were to issue a decision in your favor in this case, would we have to say this depends on the determination in the other proceeding that these are Taiwanese rather than Mexican? No, Your Honor, because really they are two separate inquiries. On the one hand, Commerce Department does make its scope determination, but on the other hand... That seems to be supporting his notion. Your Honor, to the extent that the Commission relied on the information available to it, which is what the statute requires it to do when making a negligibility analysis, what was on the record before the Commission was Commerce's conclusion that these imports were, in fact, subject merchandise from Taiwan? There are two places where Commerce made this decision. First, in its scope determination, and second, we also... Yeah, but what happens if that assumption is proved to be incorrect, and the other proceeding says, no, these are really Mexican bales? Well, at that point, then, the Commission would need to, if the Court were to find them, the Commission would need to then look at the issue of negligible imports on its own. However... Right, so your answer to Judge Dyke's earlier question was yes, not no. In terms of, if we were to rule in your favor, it would have to be premised on the assumption that the scope determination was an accurate one, or a supportable one. At this point, there's no indication that that is the case, and based on the information that is on the Commission's record, the Commission made a decision under the statute, the entire organization... But you would concede that if the scope determination was wrong, and that these products are imports from Mexico, that the negligibility determination is mandatory, right? The Commission would need to examine the issue. The Commission has not examined the issue of negligibility with respect to imports from Mexico. You'd have to reopen this proceeding if your assumption turned out to be wrong. We would have to at that point, because the Commission has not made that analysis, and it would be up to the Commission in the first instance to make that analysis, Your Honor. Right, but the statute says you'd have to make that analysis in those circumstances, right? So it's not like you could just reopen it and decide whether you want to make the analysis. You'd have to make the analysis. What your answer would be is certainly something we can't predict. It's not something that the Commission has had to rule on exactly, Your Honor. The concern that we have here is that Kiosera is only reading one aspect of the statute. They are only pointing to the definition of negligible imports. However, the Commission's authority to make a negligible imports determination is not derived solely from the definition of negligible imports. It's also derived from the rest of the statute, specifically Section 1671 DB1 and Section 1673 DB1, both of which state in relevant part that the Commission shall make a final determination whether an industry in the United States is materially injured by reason of imports of the merchandise with respect to which the administering authority has made an affirmative determination. If the Commission determines that imports of the subject merchandise are negligible, the investigation shall be terminated. Mr. Horgan also ignores the statutory definition of subject merchandise, which is in 19 U.S.C. Section 1677-25. Subject merchandise is defined as the class or kind of merchandise that is within the scope of an investigation. Here, Commerce clearly made the determination that the imports were subject merchandise from Taiwan. I referenced earlier Commerce's Federal Register Notice, which was 79 Federal Register 7966. The specific pen site was on page 76968. Also in Commerce's Issues and Decision Memo, Commerce specifically indicated, and I referenced in our brief on Joint Appendix page 939, Commerce's direct conclusion, cellular modules produced by Kyocera in Mexico using Taiwanese cells are considered Taiwanese in origin and are within the scope of this Taiwanese investigation. Judge Soukalos agreed with the Commission that the statute was clear on this point, that the Commission had to defer to Commerce's scope determination. Indeed, the Federal Circuit itself has already looked at these statutory provisions in the context of the domestic-like product. And the Federal Circuit has agreed that the Commission must defer to Commerce's definition of the scope of subject merchandise that's within the scope as an imported merchandise. What's your response to your friend's argument that, in fact, you would be making the anti-circumvention provisions essentially redundant or irrelevant if we adopt your position? Your Honor, this was not an anti-circumvention proceeding. As we've indicated in our brief, this Court does not sit in place in order to judge hypotheticals. That is not a hypothetical that's here. The Commission is not involved in those anti-circumvention proceedings, and that was not the issue here. The direct issue here. The anti-circumvention proceeding provides a remedy for this situation, and therefore you shouldn't interpret the statute to do it in a different way. I think that's the argument. So the question is, does the anti-circumvention methodology take care of this or not? Your Honor, the anti-circumvention statutory provisions are within the purview of the Commerce Department, not the Commission. In fact, in this particular case, as the Commission explained in its views, there was a situation where there was first an order put in place on imports of... Is this argument being made in the Commerce Department proceeding that this treatment of these panels as being Taiwanese in origin is inconsistent with the anti-circumvention proceeding? To my knowledge, yes, Your Honor, although I would defer to my colleagues on either side because they're actually involved in those proceedings, and the Commission has its own independent litigation authority. I don't represent the Department of Commerce, but they are making similar arguments in front of the Court of International Trade. Yes, so my question isn't so much whether or not it's up to the Commission to make these kinds of decisions. My question is challenging the logic of the legal position that you're taking. If the logic of the legal position you're taking would result in making the anti-circumvention provisions completely redundant or unnecessary, wouldn't that mean that your legal position is at least somewhat suspect? I understand the logic of your question, Your Honor, but I would disagree that this interpretation would in fact render those provisions meaningless. In this case, the facts of this case illustrate that anti-circumvention provisions don't always solve problems. There was a prior case involving imports from China that covered certain cells and certain modules. Even before that order was put into place, additional imports started coming into the United States, among them the modules in question. There were other modules coming in with cells made in Taiwan, from Taiwan itself. These started coming into the United States. At that point in time, petitioners brought a second round of petitions to address the injury from those imports. Those imports would not have been covered from the scope in the prior case. That case solely dealt with very specific cells made in China and then very specific categories of modules. These would not have been encompassed in that. Petitioners had to bring a new case at that point in time and did. The concern I think that you may be trying to reach is whether or not the scope can include both an unfinished and a finished component to it. That case, this case, and a number of other cases also include both an unfinished and a finished component. This case involves cells and modules. Modules are assembled from cells that are strung together, laminated, and then put in a frame. To the extent that commerce made the determination that that cell is deriving country of origin, that was underpinning its determination that this subject merchandise from Taiwan included cells that were shipped to Mexico, assembled into modules, the finished product, and then shipped to the United States. The commission was obligated under the statute and this court's prior case law to defer to commerce's scope determination. Okay. Thank you. Thank you, Ms. Ellis. Mr. Breitfeld, you have three minutes. Good morning, Your Honors. May it please the Court. Just to answer two of your questions, first of all, the anti-circumvention provisions would not have provided any relief here. If they had, then SolarWorld would have taken it. Why is that? Because of the prior ruling with regard to how scope is defined, the cell and the manufacturing up to the cell portion was defined as creating the country of origin, but the module manufacturing was also found to be significant. Circumvention relates to minor alteration in a third country would not have addressed this issue. If it would have, SolarWorld would have taken the much less expensive route of pursuing circumvention. Instead, it had to file this new case. Secondly, you asked if the scope case has any effect on this case on negligibility. My answer to that is no. If in the unlikely event the court rules against the scope finding that was made below, then the commission will have to make new negligibility findings and those could be appealed throughout the process. Your job is simply to rule on whether these subject imports were negligible or not. All we have to do is to be careful to make clear if we were to come out that way that the decision in that respect isn't final and would be subject to reopening if the commerce proceeding came out the other way. Certainly, but you're faced with was the commission's decision reasonable and supported by substantial evidence and just to underscore, counsel for Kiyosera just cannot get past the other provision of the statute. He says the statute requires the commission to look at negligibility of imports from a country but then the provision that Ms. Alves also pointed out clearly says if the commission determines that imports of the subject merchandise are negligible, the investigation shall be terminated. The subject merchandise included Kiyosera's imports. They were Mexican modules made from Taiwanese cells. They were subject imports. They were not negligible. When you read those two statutory provisions together, commission did exactly what it was required to do under the statute. It examined Taiwanese imports, that is, imports of Taiwanese solar cells regardless of where they're made into modules or panels, including Mexico. Quite clearly, those imports were not negligible. In fact, they were well beyond the negligibility threshold and therefore the statute does not require the commission to conduct a negligibility analysis with respect to non-subject imports. If they win the commerce department proceeding, these solar panels are outside the scope of the investigation and there are no dumping duties on them, right? In the scope context, it might change the outcome of these particular imports, that's right. But for purposes of negligibility- Might or would? I mean, it would have to, wouldn't it, if the commerce department proceeding said, no, these aren't Taiwanese. They'd be outside the scope of the investigation. It depends on how commerce defined the scope. There are more than two ways that commerce could define the scope in this investigation. So we couldn't judge that until commerce were to define the scope in a way acceptable to the courts.  Thank you, Your Honor. Thank you, Mr. Breitbart. Mr. Horgan? Just a couple of things. First, I wanted to address, you asked about the remand determination in the commerce department litigation and that matter was remanded to the commerce department. The Court of International Trade found that the commerce department actually used two rules of origin in the Taiwanese case. They said if you had sales and you shipped them to Mexico and used them to create modules, that those were Taiwanese origin. But if you took the same sales and you shipped them to China and used them to make modules, that those modules were Chinese origin. So that's the issue that has now been remedied. That may help you in the other proceeding. Well, I'm just suggesting that the origin issue is very much at stake in that case. But that's not this case. In this case, it's whether the commission has its own independent obligation to make a negligibility determination as prescribed by Congress. And the plain language of the statute says so. It says products from Mexico, from a country, corresponding to the commission's definition of like product, they have to make the negligibility determination on that basis. They both stood up here and said, well, but if it's subject merchandise, then we don't have to reach that issue. But that's not the case. The negligibility provision only applies to subject merchandise. If it wasn't subject merchandise, none of us would be here. And it can apply to subsets of subject merchandise. So subject merchandise includes products from a dozen countries, all the countries named in the petition. In this case, China and Taiwan. That doesn't mean it doesn't make separate negligibility determinations as to China and as to Taiwan. It did in this case. So the fact that these subject merchandise and the merchandise as to which they make a negligibility determination is not coextensive. That's what they're arguing, that one decides the other. And it doesn't. The commission makes a determination as to subsets of subject merchandise defined by the country and also by the like product. So the notion that they propagated here and that the court below approved that they have to be the same, that subject merchandise, you have to make a determination of negligibility as to subject merchandise is not true. They make it as to subsets of subject merchandise defined by geography and defined by the kind of product. That's the way the negligibility provision is applied and that's the way it needs to be applied here. Imports from a country, Mexico, are negligible in amount. So the irrebuttable presumption is that the investigation should be terminated as to those products. Thank you. Okay. Thank you, Mr. Horton. Thank all counsel. The case is submitted and we'll take a short recess before we hear our court case. All rise. The Honorable Court will take a short recess.